UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 13-61800-CIV-COHN
                              MAGISTRATE P. A. WHITE

GEORGE JUNIE,                     :

        Plaintiff,                :

v.                                :          REPORT OF
                                              MAGISTRATE JUDGE
GREYHOUND BUS COMPANY, et al,     :

        Defendants.               :
_____

## I. Introduction

The pro-se plaintiff, George Junie, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1), while confined in at the Broward County Jail.[1] The plaintiff alleges that the defendants, Greyhound Bus Company and the Ft. Lauderdale Police Department violated his constitutional rights. The plaintiff is proceeding in forma pauperis. [DE# 8].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

        Sec. 1915 Proceedings in Forma Pauperis

---

[1] Research at the County Jail does not indicate he is is incarcerated at the NBBF.

\* \* \*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\* \* \*

(B) the action or appeal –

\* \* \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

2

Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

no misconduct occurred.²

    B.   <u>Factual Allegations</u>

The plaintiff alleges that over three years ago, in March of 2010, he was involved in an unprovoked assault with a hammer, by the Manager of a Greyhound Bus Station. The police were called, however he contends the Ft. Lauderdale Police Department failed to take action, including a determination of his injuries. He seeks monetary and injunctive relief.

    C.   <u>Analysis of Sufficiency of Complaint</u>

At the outset, the Greyhound Bus Station employee is not a proper defendant. To state a claim pursuant to §1983, the plaintiff must demonstrate that a person or persons acting under color of state law violated a federally protected right. <u>Polk County v Dodson</u>, <u>supra</u>. In this case, Greyhound is a private company and its employees do not act under color of state law. This claim would have to be raised in state court.

Secondly, the claim against the Fort Lauderdale Police Department must be dismissed because police departments cannot be sued in a federal civil rights action. In Section 1983 actions, police departments are merely an administrative arm of the local municipality, and not a separate judicial entity. <u>Eddy v. City of Miami</u>, 715 F.Supp. 1553 (S.D.Fla.1989); <u>DeBellis v. Kulp</u> , 166 F.Supp.2d 255, 264 (E.D.Pa.2001). The Fort Lauderdale Police Department is merely an arm of a municipality.

---

    ² The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

While a municipality and its agencies may be subject to liability under §1983, such liability cannot result merely from an improper or even unconstitutional act of its employees under a theory of respondeat superior. If a plaintiff sues a county or county agency, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra). The plaintiff has raised no claim under Monell against the City of Fort Lauderdale.

Under appropriate circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983, see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989). Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986). The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the

5

injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'"  Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting City of Canton, supra, 489 U.S. at 391).  Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the [supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to supervise or train amounted to gross negligence or deliberate indifference. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5 Cir. 1986).

In this case, the plaintiff has failed to name a specific officer or officers who permitted him to be assaulted and refused him required medical treatment.

### III.  Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and barred by Heck.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 24th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc: George Junie, <u>Pro Se</u>
    North Broward Bureau Facility
    Address of record