UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61800-CIV-COHN/WHITE

GEORGE JUNIE,

    Plaintiff,

v.

GREYHOUND BUS COMPANY
and FORT LAUDERDALE
POLICE DEPARTMENT,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 10] ("Report") of Magistrate Judge Patrick A. White concerning Plaintiff George Junie's *pro se* Complaint under 42 U.S.C. § 1983 [DE 1]. Junie did not file objections to the Report by the deadline of October 11, 2013. Nevertheless, the Court has conducted a *de novo* review of the Report and is otherwise fully advised in the premises.

Junie's Complaint alleges that in March 2010, the manager of the Greyhound Bus Company's station in Fort Lauderdale assaulted Junie with a hammer, leading to an altercation. See DE 1 at 2. Further, Junie claims that officers of the Fort Lauderdale Police Department reviewed surveillance footage of the incident, decided that "it was a fair fight," and left the scene "without calling paramedics to see if [Junie] was healthy." Id. Junie "feel[s] like" the officers "acted in a non professional manner" and that his "rights as a U.S. Citizen were not protected and violated." Id. Junie asserts that he suffered physical injuries, and he seeks damages totaling $1 million. See id.

Magistrate Judge White conducted an initial screening of Junie's Complaint. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii) (requiring dismissal of *in forma pauperis* action that is "frivolous or malicious" or "fails to state a claim on which relief may be granted"). Judge White first determined that Greyhound Bus Company—a private business whose "employees do not act under color of state law"—is not a proper defendant in this § 1983 action. DE 10 at 4; see Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985) (explaining that an "essential element[]" of a § 1983 claim is that "the conduct complained of must have been committed by a person acting under color of state law"). Judge White also concluded that Junie's claim against the Fort Lauderdale Police Department failed on multiple grounds. Among other reasons, Judge White noted that a city agency may not be held liable for the acts of its employees based on a theory of *respondeat superior*. Instead, the plaintiff must show that his injuries were caused by an official custom, policy, or practice of the city. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Because Junie had "raised no claim under Monell against the City of Fort Lauderdale," Judge White recommended that the Complaint be dismissed for failure to state a claim on which relief may be granted. DE 10 at 5-6.

After a thorough review, this Court agrees with Magistrate Judge White's conclusions and recommendations. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 10] is **ADOPTED**;

2. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the above-styled action is **DISMISSED** for failure to state a claim on which relief may be granted; and

3. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of October, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Magistrate Judge Patrick A. White

George Junie, *pro se*
571303024
North Broward Bureau Facility
P.O. Box 407037
Ft. Lauderdale, FL  33340